IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **JUAN HURTADO and ORALIA HURTADO,** § § | |
| *Plaintiff,* § | |
| § | **CIVIL ACTION NO. _____** |
| vs. § | |
| § | **JURY DEMAND** |
| **BINGO GARDENS, INC.** § | |
| *Defendant*. § | |

## ORIGINAL COMPLAINT

This is an action brought under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq*. and the Texas Minimum Wage Act (hereinafter "TMWA"), Tex. Lab. Code § 62.001 *et seq*., by Plaintiffs JUAN HURTADO and ORALIA HURTADO against his former employer, Defendant BINGO GARDENS, INC. Plaintiffs worked for Defendant as a janitors at Defendant's Skateland Bingo bingo hall located at 1000 N. 23rd St., McAllen, Texas 78501 (hereinafter "Skateland Bingo"). Defendant failed to pay Plaintiff JUAN HURTADO a minimum wage as required by the FLSA and TMWA for all hours worked during the two and three-year period preceding the filing of this Original Complaint. When Plaintiff complained to Defendant about his wages and requested increased compensation Defendant terminated the employment of both JUAN HURTADO and ORALIA HURTADO in violation of the FLSA's prohibition against retaliation.

## JURISDICTION AND VENUE

1.      Plaintiffs bring this case to recover lost wages, liquidated damages, compensatory damages, and reasonable attorney's fees under 29 U.S.C. § 201 *et seq*. and under Tex. Lab. Code § 62.001 *et seq*. As such, this Court has jurisdiction over Plaintiffs' claims pursuant to the following:

      i.     28 U.S.C. § 1331 (Federal Question);

     ii.     28 U.S.C. § 1337 (Interstate Commerce);

    iii.     29 U.S.C. § 216(b) (FLSA); and

    iv.     28 U.S.C. §1367 (Supplemental Jurisdiction).

2.     Because all or a substantial part of the acts or omissions giving rise to the Plaintiffs' cause of action occurred in or around Hidalgo County, Texas, venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2) and 29 U.S.C. § 216(b).

## PARTIES

3.     Plaintiff JUAN HURTADO is an individual residing in Hidalgo County, Texas.

4.     Plaintiff ORALIA HURTADO is an individual residing in Hidalgo County, Texas.

5.     Defendant BINGO GARDENS, INC. is a Texas corporation whose principal place of business is in Brownsville, Texas and who may be served with process by serving its registered agent, Michele Sanchez, 1641 Resaca Village, Brownsville, Texas 78521-1408.

## FACTS

6.     Plaintiffs began working at Skateland Bingo in 1997. Plaintiff JUAN HURTADO was originally hired and employed as a security guard at Skateland Bingo. In about 2012, Plaintiff left his position as a security guard and was hired and employed by Defendant as a janitor at Skateland Bingo and remained in that position until Defendant unlawfully terminated his employment on or about April 25, 2016. Plaintiff ORALIA HURTADO was originally hired and employed as a janitor at Stakeland Bingo and remained in that position until Defendant unlawfully terminated her employment on or about April 25, 2016.

7.     At all times relevant to this action Defendant "employ[ed]" Plaintiffs and acted as their "employer" as those terms are defined by the FLSA 29 U.S.C. §§ 203(d) and 203(g) and the TMWA, Tex. Lab. Code §§ 62.002(4) and 62.002(6).

8.     At all times relevant to this action, Defendant BINGO GARDENS, INC. owned and operated Skateland Bingo. Upon information and belief, Defendant BINGO GARDENS owns and operates two other bingo halls in south Texas, namely Bingo Gardens bingo hall located at 503 E. Expressway 83, Pharr, Texas 78577-6556 (hereinafter "Bingo Gardens") and Super Bingo Gardens bingo hall located at 1641 Resaca Village, Brownsville, Texas, 78521-1408 (hereinafter "Super Bingo Gardens").

9.     At all times relevant to this action Defendant BINGO GARDENS, INC. or the bingo halls owned and operated by Defendant operated as an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s) in that their gross annual volume of sales has for all times relevant to this action exceeded $500,000 (exclusive of excise taxes at the retail level that are separately stated) or they employed two (2) or more persons who handled and worked with goods that had been moved in or produced for commerce.

10.    From the beginning of Plaintiffs' employment at Skateland Bingo until on or about April 25, 2016, Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs. Facts demonstrating that Defendant was Plaintiffs' employer include, but are not limited to the following:

      i. Plaintiffs' employment took place on Defendant's premises at Skateland Bingo;

      ii. Defendant or its agents possessed the authority to hire and fire Plaintiffs;

      iii.    Plaintiffs received instruction from Defendant or its agents;

      iv.    Plaintiffs were economically dependent on Defendant or its agents for the terms and conditions of their employment; and

      v.    Defendant or its agents possessed and exercised the authority to control the employment rules and policies applicable to Plaintiffs, including scheduling, timekeeping, payroll, and disciplinary practices.

11.    During their employment with Defendant, Plaintiffs were engaged in "commerce" within the meaning of 29 U.S.C. § 203(b) or were employed by an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

12.    During the period of time that Plaintiff JUAN HURTADO worked as a janitor at Skateland Bingo and during the two and three-year period preceding the filing of this Original Complaint Defendant failed to pay Plaintiff JUAN HURTADO the minimum wage for each hour that he worked as required by the FLSA and the TMWA.

13.    At all times relevant to this action, Defendant knowingly, willfully, or with reckless disregard carried out the illegal pattern or practice of failing to pay the required minimum wage to Plaintiff JUAN HURTADO.

14.    On or about April 25, 2016, Plaintiff JUAN HURTADO made a complaint on behalf of himself and Plaintiff ORALIA HURTADO that Defendant should have reasonably understood to be an assertion of rights under the FLSA. Defendant or its agent terminated the employment of Plaintiff JUAN HURTADO and Plaintiff ORALIA HURTADO immediately after receiving Plaintiff JUAN HURTADO's complaint regarding their wages. Plaintiff JUAN HURTADO's complaint was the but-for and proximate cause of Defendant's unlawful termination of Plaintiffs' employment.

15. As a result of Defendant's retaliation Plaintiffs have experienced emotional distress and mental anguish.

16. Upon information and belief Defendant failed to maintain complete and accurate records of Plaintiffs' hours of work and compensation in violation of the FLSA, 29 U.S.C. § 215(a)(5).

17. All conditions precedent to this action have been satisfied.

### FIRST CAUSE OF ACTION (FLSA – MINIMUM WAGE)

18. By failing to pay Plaintiff JUAN HURTADO the federal minimum wage for all hours worked Defendant violated Plaintiff's right to a minimum wage protected by the FLSA, 29 U.S.C. § 201 *et seq*. Defendant's violation of Plaintiff JUAN HURTADO's right to a minimum wage was knowing, willful, or with reckless disregard. Plaintiff is entitled to relief including unpaid wages and liquidated damages, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION (FLSA – RETALIATION)

19. By terminating the employment of Plaintiffs because of Plaintiff JUAN HURTADO's complaint regarding his right to a minimum wage Defendant violated the rights of Plaintiff JUAN HURTADO and Plaintiff ORALIA HURTADO to be free from retaliation as protected by the FLSA, 29 U.S.C. § 201 *et seq*., for which Plaintiffs are entitled to relief including lost wages, liquidated damages, and compensatory damages pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION (TMWA)

20. By failing to pay Plaintiff JUAN HURTADO the minimum wage mandated by State law, Defendant violated Plaintiff's right to a minimum wage as protected by the Texas

Minimum Wage Act, TEX. LAB. CODE §62.001 *et. seq*., for which Plaintiff is entitled to relief pursuant to Tex. Lab. Code §62.203.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Award Plaintiff JUAN HURTADO unpaid wages and an equal amount of liquidated damages;

B. Award Plaintiffs JUAN HURTADO and ORALIA HURTADO lost wages including, but not limited to, back pay, reinstatement or front pay in lieu of reinstatement, liquidated damages on all lost wages, and compensatory damages;

C. Award Plaintiff reasonable and necessary attorney's fees and costs of court pursuant to 29 U.S.C. § 216(b) and Tex. Lab. Code § 62.205;

D. Award Plaintiff post-judgment interest, as provided by law; and

E. Award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

TEXAS RIOGRANDE LEGAL AID, INC.

/s/ *Peter McGraw*
Peter McGraw
Attorney for Plaintiffs
State Bar No. 24081036
S.D. Tex. No. 2148236
316 South Closner Blvd.
Edinburg, Texas 78539
Phone: (956) 393-6230
Fax: (956) 383-4688
pmcgraw@trla.org

/s/ *Laskshmi Ramakrishnan*
Lakshmi Ramakrishnan
Attorney for Plaintiffs
State Bar No. 24037324

300 S. Texas Blvd.
Weslaco, Texas 78596
Phone: (956) 447-4800
Fax: (956) 968-8823
lramakrishnan@trla.org

CONSENT TO FILE SUIT UNDER THE FAIR LABOR STANDARDS ACT

I hereby give my consent to become a party plaintiff in a lawsuit under the Fair Labor Standards Act to recover unpaid wages for work I performed with Bingo Gardens, Inc. during the last three years and other damages.

Plaintiff:     Juan Hurtado                                  Date: 10-20-2016

Signature: _____

Attorneys:
Peter McGraw                                    Lakshmi Ramakrishnan
Texas RioGrande Legal Aid                       Texas RioGrande Legal Aid
316 South Closner Blvd.                         300 S. Texas Blvd.
Edinburg, Texas 78539                           Weslaco, Texas 78596
(956) 393-6230                                  (956) 447-4800
(956) 383-4688 fax                              (956) 968-8823 fax


CONSENTIMIENTO PARA PONER UNA DEMANDA BAJO LA LEY DE NORMAS JUSTAS DE TRABAJO

Yo doy mi consentimiento para interponer la demanda bajo la Ley de Normas Justas de Trabajo para salarios no pagados por mi trabajo con Bingo Gardens, Inc. durante los últimos tres años y otros daños.

Demandante:    Juan Hurtado                                  Fecha: 10-20-2016

Firma: _____

Abogados:
Peter McGraw                                    Lakshmi Ramakrishnan
Texas RioGrande Legal Aid                       Texas RioGrande Legal Aid
316 South Closner Blvd.                         300 S. Texas Blvd.
Edinburg, Texas 78539                           Weslaco, Texas 78596
(956) 393-6230                                  (956) 447-4800
(956) 383-4688 fax                              (956) 968-8823 fax

CONSENT TO FILE SUIT UNDER THE FAIR LABOR STANDARDS ACT

I hereby give my consent to become a party plaintiff in a lawsuit under the Fair Labor Standards Act to recover unpaid wages for work I performed with Bingo Gardens, Inc. during the last three years and other damages.

Plaintiff:     Oralia Hurtado                                    Date: 10-20-2016

Signature:  _____

Attorneys:
Peter McGraw                                Lakshmi Ramakrishnan
Texas RioGrande Legal Aid                   Texas RioGrande Legal Aid
316 South Closner Blvd.                     300 S. Texas Blvd.
Edinburg, Texas 78539                       Weslaco, Texas 78596
(956) 393-6230                              (956) 447-4800
(956) 383-4688 fax                          (956) 968-8823 fax


CONSENTIMIENTO PARA PONER UNA DEMANDA BAJO LA LEY DE NORMAS JUSTAS DE TRABAJO

Yo doy mi consentimiento para interponer la demanda bajo la Ley de Normas Justas de Trabajo para salarios no pagados por mi trabajo con Bingo Gardens, Inc. durante los últimos tres años y otros daños.

Demandante:     Oralia Hurtado                                Fecha: 10-20-2016

Firma:  _____

Abogados:
Peter McGraw                                Lakshmi Ramakrishnan
Texas RioGrande Legal Aid                   Texas RioGrande Legal Aid
316 South Closner Blvd.                     300 S. Texas Blvd.
Edinburg, Texas 78539                       Weslaco, Texas 78596
(956) 393-6230                              (956) 447-4800
(956) 383-4688 fax                          (956) 968-8823 fax

## VERIFICATION

STATE OF TEXAS            §
                          §
HIDALGO COUNTY            §

Before me, the undersigned notary, on this day personally appeared Juan Hurtado, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is Juan Hurtado. I am capable of making this verification. I have read Plaintiffs' Original Complaint. The facts stated in it are within my personal knowledge and are true and correct."

I hereby certify that the factual statements in the attached complaint are true.

_____
Juan Hurtado

Sworn to and subscribed before me by Juan Hurtado on October 25, 2016.



_____
Notary Public in and for the State of Texas

My commission expires: 7/12/20

## TRANSLATOR'S CERTIFICATE

I certify that I am fluent in English and Spanish, that I translated this document to the Plaintiff in Spanish, and that the Plaintiff indicated that the Plaintiff clearly understood its contents and significance.

Translator's signature: _L. Lozano_    Date: 10/25/16

Translator's name: _Laura Lozano_